IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON RAY CLARK,<br><br>     Plaintiff,<br><br>vs.<br><br>MICHAEL RAY TRISLER<br><br>     Defendant. | CIV. NO. 22-00559 JAO-KJM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS, ECF NO. 46 |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, ECF NO. 46**

   In this diversity case, the Court previously dismissed pro se Plaintiff Jason Ray Clark's first amended complaint under Federal Rule of Civil Procedure 12(b)(6) because he failed to plead sufficient facts to support his claims.  ECF No. 37.  The Court did so with leave to amend because Plaintiff could potentially rectify the factual deficiencies in his contract, fraud, and emotional distress claims. *See id.*  Plaintiff has now filed a Second Amended Complaint ("SAC"), realleging his contract claims and rectifying the deficiencies identified in the Court's prior order.  *See* ECF No. 44.  Defendant Michael Ray Trisler moves to dismiss the SAC based on the affirmative defense of statute of frauds.  ECF No. 46 ("Motion to Dismiss" or "Motion").  Because it is plausible that Plaintiff's alleged oral contract

is excepted from the Hawaiʻi statute of frauds, the Court DENIES Defendant's Motion.

## I.   BACKGROUND

In his SAC, Plaintiff asserts claims for breach and anticipatory repudiation of a "verbal contract" between him and Defendant.  ECF No. 44 at 7.  The alleged verbal contract was entered into on September 29, 1995, when Plaintiff loaned Defendant $13,000 in exchange for a promise to repay that loan plus "interest."  *Id.* The "interest" agreed upon was a "two weeks for life vacation rental" at the Oahu property Defendant purchased using the loan.  *See id.*  Defendant subsequently paid the $13,000 principal back to Plaintiff, and Plaintiff has used his yearly two-week vacation rental over twenty times from 1995 until 2017, by staying at the original property purchased by Defendant and other Oahu properties owned by Defendant.  *Id.*  But starting around 2018, Defendant has repeatedly denied Plaintiff from using the promised two-week vacation rental, possibly due to their relationship souring over a failed business deal.  *See id.*  Plaintiff requests damages in an amount well over $75,000 based on his calculations valuing two-week rentals at Defendant's Oahu properties.  *See id.*  Defendant has not yet answered the SAC.

On June 15, 2023, Defendant filed his Motion to Dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 46.  Plaintiff filed a Response on June, 23, 2023, ECF No. 48, and Defendant filed a Reply on August 17, 2023,

ECF No. 50.  After reviewing those filings, and pursuant to Rule 7.1(c) of the

Local Rules of Practice for the United States District Court for the District of

Hawaii, the Court found this matter suitable for disposition without a hearing and

vacated the hearing date originally set for September 1, 2023.  *See* ECF No. 51.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for

"failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6),

the Court accepts as true the material facts alleged in the complaint and construes

them in the light most favorable to the nonmovant.  *Cahill v. Liberty Mut. Ins. Co.*,

80 F.3d 336, 337–38 (9th Cir. 1996); *see also Lee v. City of Los Angeles*, 250 F.3d

668, 688 (9th Cir. 2001) (explaining the rule that courts generally do not consider

materials beyond the pleadings when deciding Rule 12(b)(6) motions).  Moreover,

Plaintiff is appearing pro se, so the Court liberally construes the allegations in the

SAC.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Eldridge v.

Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

As an initial matter, Plaintiff identifies "[d]iversity of citizenship" as the basis for federal jurisdiction over his contract claims. ECF No. 44 at 5. Plaintiff does not specify where the alleged "verbal contract" was entered into, but he does specify that the alleged contract was to be performed in Hawaiʻi. *See id.* at 7. The Court thus applies Hawaiʻi law to Plaintiff's claims and to Defendant's statute of frauds defense. *See Hawaii Stevedores, Inc. v. Island Cement, LLC*, 2009 WL 3681875, at *4 (D. Haw. Nov. 3, 2009); *see also* ECF No. 46 at 4–5 (Defendant arguing that Plaintiff's claims are barred by the Hawaiʻi statute of frauds, Hawaiʻi Revised Statutes ("HRS") § 656-1).

The Hawaiʻi statute of frauds requires certain contracts to be in writing to be legally enforceable. *McIntosh v. Murphy*, 52 Haw. 29, 32, 469 P.2d 177, 179 (1970). Historically, "[t]he avowed purpose of the statute of frauds was to prevent the perpetration of fraud." *Dobison v. Bank of Haw.*, 60 Haw. 225, 226, 587 P.2d 1234, 1235 (1978) (per curiam). "[The statute] still plays a meaningful role in assuring fair and honest dealings between parties to a transaction, but it was never

4

designed to operate as an instrument of fraud or to serve as a vehicle by which unconscionable injury may be inflicted." *Id.* (citing *McIntosh*, 52 Haw. 29, 469 P.2d 177).

The statute specifically "prohibits actions upon contracts for the sale of lands or any interest in or concerning them unless the contract or agreement 'is in writing, and is signed by the party to be charged therewith, or by some person thereunto by the party in writing lawfully authorized.'" *Schwartz v. Bank of Am., N.A.*, 2013 WL 12132074, at *4 (D. Haw. May 7, 2013) (quoting HRS § 656-1(4), the "land-transaction provision"). The statute also prohibits actions upon contracts for "any agreement that is not to be performed within one year from the making thereof," unless the agreement "is in writing, and is signed by the party to be charged therewith, or by some person thereunto by the party in writing lawfully authorized." *Est. of Tahilan v. Friendly Care Home Health Servs., Inc.*, 731 F. Supp. 2d 1000, 1006–07 (D. Haw. 2010) (quoting HRS § 656-1(5), the "one-year-performance provision").

The statute of frauds is an affirmative defense that should be asserted in a responsive pleading. Haw. R. Civ. P. 8(c); Fed. R. Civ. P. 8(c)(1). Yet, "although affirmative defenses under Rule 8(c) probably were intended to be raised only by responsive pleading, it is now common to allow an affirmative defense to be asserted by a motion under Rule 12(b)(6) when the validity of that defense is

apparent from the face of the pleading." *Romero v. Star Mkts., Ltd.*, 82 Hawai'i

405, 416, 922 P.2d 1018, 1029 (App. 1996) (quoting 5 C Wright & A. Miller,

*Federal Practice and Procedure* § 1349 (2d ed. 1990)).  So the Court considers

Defendant's statute of frauds defense against the SAC despite Defendant not

having answered the SAC.

Defendant correctly points out that the SAC alleges a "verbal contract,"

which implies that a written contract does not exist.[1]  *See* ECF No. 46 at 4–5.

Defendant then argues that the alleged verbal contract is unenforceable because,

under the Hawai'i statute of frauds, it is both an agreement pertaining to interests

in land and an agreement that cannot be performed within one year.  *Id.* at 5.  The

Court assumes for purposes of this Order that the alleged verbal contract falls

within—i.e., is covered by—both the one-year-performance provision and the

land-transaction provision.  Regarding the land-transaction provision specifically,

the Court passes on the issue of whether the alleged verbal contract for "vacation

rental" is a license or, instead, a leasehold or easement.  Such classifications might

influence whether the "vacation rental" is a property "interest" falling within the

---

[1]  That implication does not necessarily preclude the existence of an associated "memorandum or note thereof."  *See Fishel v. Turner*, 13 Haw. 392, 394 (Haw. Terr. 1901) ("The contract itself need not be in writing.  It is sufficient if there is some memorandum or note of it in writing.  This may be made afterwards.  It may be in the form of one or more receipts or letters.").

land-transaction provision of the statute of frauds. *See Kiehm v. Adams*, 109

Hawaiʻi 296, 302–03, 126 P.3d 339, 345–46 (2005) (discussing distinction

between license and leasehold rental agreements); *Dominis v. Campbell*, 3 Haw.

306, 312 (1871) (apparently finding that the statute of frauds covers an oral

agreement to "execute a written lease" of land, but not an oral agreement to "plant

and sell a crop" on that land).  Whatever the alleged verbal contract may be, the

Court assumes that it falls with land-transaction provision, as Defendant adamantly

asserts.

      But even making that assumption, the Court denies Defendant's Motion.

Defendant seeks a dispositive ruling at the motion to dismiss stage based on an

affirmative defense "drastically limited by judicial construction over the years"

through judicially imposed "limitations or exceptions," *McIntosh*, 52 Haw. at 33–

34, 469 P.2d at 180, none of which are discussed in the parties' briefing.  *See*

*Waterhouse v. Cap. Inv. Co.*, 44 Haw. 235, 244, 353 P.2d 1007, 1014 (1960)

("While in some cases the statute [of frauds] may be urged in support of a motion

to dismiss, this is not an appropriate case for that procedure, particularly in view of

the complexity and importance of the issues involved.").  And one of those

exceptions appears to potentially apply here:  under Hawaiʻi law, partial

performance of an oral agreement can except that agreement from the statute of

frauds.  *See Shannon v. Waterhouse*, 58 Haw. 4, 6–7, 563 P.2d 391, 393 (1977)

("Performance or part performance of a contract required to be in writing will take the matter out of the statute of frauds, where the party seeking to enforce it has acted to his detriment in substantial reliance upon the oral agreement."  (citing *McIntosh*, 52 Haw. 29, 469 P.2d 177)).

The SAC alleges that Plaintiff has already paid Defendant the $13,000 loan amount, completing his performance under the alleged agreement.  The SAC also alleges that Defendant paid back the $13,000 principle and that Plaintiff has on multiple occasions, possibly including during the first year of the alleged agreement, collected his annual "interest" by staying in Defendant's properties. Those allegations are plausible and, if true, remove the alleged oral agreement from both the land-transaction provision and the one-year-performance provision of the statute of frauds.  *See Est. of Tahilan*, 731 F. Supp. 2d at 1009 (applying Hawai'i law at the motion to dismiss stage, and even assuming an oral loan agreement fell within the one-year-performance provision, holding that the oral agreement would be excepted from the statute of frauds because the borrower had already paid "interest and part principal" on the loan); *Yee Hop v. Young Sak Cho*, 25 Haw. 494, 501 (Haw. Terr. 1920) (holding that a mere payment of money is insufficient to except an oral land transaction from the statute of frauds but that "payment accompanied by an entry into possession under the contract is such a part performance as will support the bill"); *De Luz v. Ramos*, 31 Haw. 799, 808

8

(Haw. Terr. 1931) (summarizing and applying the *Yee Hop* holding to similar facts, when finding a partial performance exception to the land-transaction provision).

In short, the Court finds that Plaintiff's alleged payment of $13,000 and repeated use of the promised vacation rentals were performed "pursuant to the [alleged] contract, with the knowledge and consent of [Defendant], and [are] such that to allow [Defendant] to repudiate would be a fraud upon the [P]laintiff." *Perreira v. Perreira*, 50 Haw. 641, 643, 447 P.2d 667, 668 (1968); *cf. Baham v. Ass'n of Apartment Owners of Opua Hale Patio Homes*, 2014 WL 2761744, at *13 (D. Haw. June 18, 2014) (applying Hawaiʻi law and granting motion to dismiss based on a statute of frauds defense, where the plaintiff "fail[ed] to allege that his [purported partial performance] actions were primarily or substantially motivated by [the alleged oral agreement]" and because the plaintiff "also fail[ed] to allege sufficient terms of the agreement to show part performance of those terms").

Defendant might contend that there is no "fraud" in repudiating the alleged verbal contract, because he has already paid back the $13,000.  Defendant would be forgetting, however, that Plaintiff's alleged return on his 1995 investment of $13,000 is "interest" in the form of yearly vacation rentals.  Although such lifetime "interest" might suggest a deal heavily favoring Plaintiff, the Court is not in the business of weighing the adequacy of the parties' consideration, or bargain, when adjudicating a contract claim.  *See Nelson v. Jones*, 2007 WL 9711020, at *1 (D.

9

Haw. Aug. 31, 2007) (applying Hawaiʻi law, and summarizing other states' laws, when holding that "inadequacy of the value of consideration or partial failure of consideration will not typically invalidate a contract," as there must be "no value in order to rescind [a] contract based on failure of consideration"), *aff'd*, 312 F. App'x 936 (9th Cir. 2009).

Thus, accepting as true the allegations in the SAC and construing those allegations in the light most favorable to Plaintiff, the Court holds that the SAC pleads facts demonstrating that it is more than merely possible—it is plausible— that the alleged verbal contract is excepted from the Hawaiʻi statute of frauds. *See Schwartz*, 2013 WL 12132074, at *4 (D. Haw. May 7, 2013) (denying motion to dismiss asserting a statute of frauds defense, where there was a "*possibility* that the cover letter satisfie[d] the signature requirement of the statute of frauds," and stressing that a motion to dismiss "does not require the Court to engage in a merits determination" of the allegations (emphasis added)); *GWC Rests., Inc. v. Hawaiian Flour Mills, Inc.*, 691 F. Supp. 247, 249 (D. Haw. 1988) (denying motion to dismiss asserting a statute of frauds defense, where the complaint alleged a payment-for-goods exception to the statute of frauds, and explaining that "the allegations of the complaint must be taken as true for determining a motion to dismiss").

# IV.    CONCLUSION

Because the SAC pleads claims for relief that are plausible on their face, the

Court DENIES Defendant's Motion to Dismiss, ECF No. 46.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, September 5, 2023.

Jill A. Otake
United States District Judge

Civ. No. 22-00559 JAO-KJM, *Clark v. Trisler, et al.*; Order Denying Defendant's Motion to Dismiss, ECF No. 46