IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JASON RAY CLARK, | CIVIL NO. 22-00559 JAO-KJM |
|---|---|
| Plaintiff/Counterclaim Defendant, | ORDER GRANTING DEFENDANT/ COUNTERCLAIMANT MICHAEL RAY TRISLER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 88) |
| vs. | |
| MICHAEL RAY TRISLER, | |
| Defendant/Counterclaimant. | |

**ORDER GRANTING DEFENDANT/COUNTERCLAIMANT MICHAEL RAY TRISLER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 88)**

The parties in this action dispute whether Defendant Michael Ray Trisler ("Trisler") breached an oral contract to allow Plaintiff Jason Ray Clark ("Clark") to vacation in certain of Trisler's homes in Hawai'i. Trisler moves for summary judgment on the operative second amended complaint, ECF No. 88 (the "Motion"), which Clark opposes, ECF No. 92. For the reasons discussed below, the Court GRANTS Trisler's Motion.

## I. BACKGROUND

**A. Factual History[1]**

In September 1995, Clark loaned Trisler $13,000 to be used as part of a down payment for Trisler to purchase a house located at 59-066 Huelo Street in Haleiwa, Hawai'i (the "Sunset Beach House"). ECF No. 44 at 7; ECF No. 87 at 2. Clark alleges that this loan was made on the basis of a verbal contract between the two parties, under which Trisler agreed to repay the $13,000 principal plus "interest," with that interest being a "two weeks for life vacation rental" at the Sunset Beach House. ECF No. 44 at 7. Trisler strenuously denies that he entered into an oral agreement on those terms. ECF No. 87-1 ¶ 11 (Trisler Declaration).

According to Trisler, he was ultimately unsuccessful in purchasing Sunset Beach House, which was instead purchased by his father, George Trisler, and his stepmother, Vernice Trisler. ECF No. 87-1 at ¶¶ 3–5; ECF No. 87-4 (Warranty Deed). Trisler explains that he later purchased the Sunset Beach House from his father in October 2007 in an arms-length transaction for $1. ECF No. 87-1 ¶ 6 (Trisler Declaration); ECF No. 87-6 (Warranty Deed). According to Trisler, Clark played no role in this 2007 purchase, which Clark does not dispute. ECF No. 87-1 ¶ 6; *see generally* ECF No. 92. In Clark's contrary telling, however, Trisler

---

[1] The facts discussed in this section are either undisputed or are flagged as alleged only by one party. Ultimately, as the Court explains below, Trisler's version of the facts is admitted as true for purposes of this Motion.

2

successfully purchased the Sunset Beach House in 1995, though Clark offers no supporting evidence for this assertion. ECF No. 92 ¶ 4. Regardless, the parties both agree that Trisler repaid Clark the $13,000 principal Clark originally loaned him. ECF No. 44 at 7; ECF No. 87-1 ¶ 4 (Trisler Declaration).

In 2010 and 2012, Trisler and a company he controlled purchased two other beachfront properties on Oahu's North Shore, one at 59-407 Ke Nui Road in Haleiwa, Hawaiʻi (the "Pipeline House") and one at 57-022 Pahipahialua Place in Kahuku, Hawaiʻi (the "Kawela Bay House," and together with the Sunset Beach House and Pipeline House, the "North Shore Properties"). ECF No. 44 at 7; ECF No. 87-1 ¶¶ 7–8. According to Trisler, Clark played no role in the purchase of either property, which Clark again does not dispute. ECF No. 87-1 ¶ 9; *see generally* ECF No. 92.

In his opposition to the instant Motion, Clark slightly modifies the "interest" on the $13,000 loan—rather than just a right to stay at the Sunset Beach House, Clark contends that the "interest" was "2 weeks <u>beachfront</u> vacation rental for life." ECF No. 92 ¶ 5 (emphasis in original). He makes this clarification because, according to Clark, he has received ostensible interest payments more than "20+ times" from 1995 to 2017—that is, he has repeatedly vacationed at one of the North Shore Properties in accordance with the alleged agreement. ECF Nos. 92 ¶ 22; 44 at 7. Trisler does not quibble with this modification, but disputes Clark's

3

overall characterization of his vacation stays and claims instead that he "occasionally allowed family and friends, including Clark, to stay at one of the properties as a courtesy," and that "Clark's occasional stays at these properties were as an informal houseguest, as a favor from me, and not pursuant to the loan he made to me in 1995." ECF No. 87-1 ¶ 10.

**B.     Procedural History**

Proceeding pro se, Clark filed this action in December 2022, ECF No. 1, but after the Court highlighted the multiple jurisdictional deficiencies in the initial pleading, he re-filed an amended complaint in February 2023, ECF No. 16. Several defendants then moved to dismiss the amended complaint, ECF No. 21, and the Court granted their motion with leave to amend, ECF No. 37. Clark subsequently filed the operative Second Amended Complaint ("SAC") in June 2023. ECF No. 44. The SAC named only Michael Ray Trisler as a defendant and alleged just two counts: (1) breach of contract and (2) anticipatory repudiation of a contract. *Id.* at 3, 7. Trisler again moved to dismiss the SAC, ECF No. 46, but the Court denied this motion, ECF No. 52. He then answered the SAC and brought counterclaims for (1) defamation and (2) false light and invasion of privacy. ECF No. 54. Several rounds of discovery disputes commenced. ECF Nos. 66–86.

Trisler now seeks summary judgment in his favor only as to the SAC, and he filed both a Motion for Summary Judgment, ECF No. 88, and a Concise Statement

4

of Facts in Support of the Motion for Summary Judgment, ECF No. 87. Clark—still pro se—filed only a "RESPONSE" opposing the Motion, ECF No. 92 ("Response"), for which he did not include a concise statement of facts and to which Trisler replied, ECF No. 95. The Court elects to decide the Motion without hearing, pursuant to LR7.1(c).

## II.  LEGAL STANDARD

### A.  Rule 56(a) Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In a motion for summary judgment, the court must view the facts and draw inferences in the light most favorable to the nonmoving party. *See State Farm Fire & Cas. Co. v. Martin*, 872 F.2d 319, 320 (9th Cir. 1989) (per curiam).

Once the moving party has met its burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must set forth specific

facts showing that there is a genuine issue for trial. *See T.W. Elec.*, 809 F.2d at 630; Fed. R. Civ. P. 56(c). The opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *See Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). There is no genuine issue of fact if the opposing party fails to offer evidence sufficient to establish the existence of an element essential to that party's case. *See Celotex*, 477 U.S. at 322; *Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994) (citing *Celotex*, 477 U.S. at 322). If the nonmoving party fails to assert specific facts beyond the mere allegations or denials in its response, summary judgment, if appropriate, shall be entered. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990); Fed. R. Civ. P. 56(e).

**B.     Special Considerations for Pro Se Litigants**

Pro se litigants "must be ensured meaningful access to the courts," *Rand v. Rowland,* 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and must generally be treated with liberality, *see, e.g.*, *Waters v. Young,* 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). But the Court is not required to advise a non-prisoner, pro se plaintiff of Rule 56's requirements. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (holding the "district court was

not required to provide [plaintiff] with notice of summary judgment rules because [plaintiff] is a pro se non-prisoner litigant") (citing *Jacobsen v. Filler,* 790 F.2d 1362, 1365–67 (9th Cir. 1986) (same)). Instead, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."[2] *Jacobsen*, 790 F.2d at 1364. Rather, such pro se litigants must follow the same rules of procedure that govern other litigants. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987); *see also Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (holding "an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules" (citing *Bias*, 508 F.3d at 1219)). "Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se." *Swimmer v. IRS,* 811 F.2d 1343, 1345 (9th Cir. 1987).

---

[2] Ninth Circuit caselaw is not entirely consistent on how to treat non-prisoner, pro se litigants in the summary judgment context. The general rule, as explained, is that they receive no special treatment. *E.g.*, *Jacobsen*, 790 F.2d at 1364; *Bias*, 508 F.3d at 1219. But if a non-prisoner, pro se litigant submits a *verified* complaint or other filing *under penalty of perjury*, courts must consider it as evidence. *E.g.*, *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (courts should consider as evidence in opposition to summary judgment all of a pro se plaintiff's "contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the pro se plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." (citations omitted)); *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) ("A verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts admissible in evidence.'" (citations omitted)). Because neither Clark's SAC nor his Response is signed under penalty of perjury, the more liberal rule articulated in *Jones* and *Keenan* does not apply here.

## III. DISCUSSION

A. **Admission of Undisputed Facts**

A party asserting that an identified material fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). If a party fails to do so, a court may "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

Clark did not file a concise statement of facts with his opposing papers as required by Local Rule 56.1(e). Local Rule 56.1(e) facilitates the directives of federal Rule 56(c) by requiring any party opposing summary judgment—here, Clark—"to file and serve with the opposing documents a separate document containing a single concise statement that admits or disputes each fact set forth in the movant's concise statement" and to separately list and cite whatever other facts

8

he believes the Court should consider. LR56.1(e). Unfortunately for Clark, "material facts set forth in the movant's concise statement"—that is, Trisler's concise statement, *see* ECF No. 87—"*will* be deemed admitted unless controverted by a separate concise statement of the opposing party."[3] LR56.1(g) (emphasis added).

Because Clark failed to comply with the federal and local rules governing opposition to a motion for summary judgment, the Court admits Trisler's version of the material facts as undisputed. *See* LR56.1(g); Fed. R. Civ. P. 56(e)(2); *Bias*, 508 F.3d at 1223 (district court has no duty to advise a non-prisoner, pro se litigant of his Rule 56 obligations); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986) (explaining that a pro se litigant must "abide by the rules of the court in which he litigates"); *Jacobsen*, 790 F.2d at 1366 (no concern over not advising a pro se litigant of Rule 56 requirements, "particularly when [the requirements are] amplified by local rules").

Having established the factual basis on which it will evaluate this Motion, the Court next addresses Trisler's arguments for summary judgment.

---

[3] The Court understands Local Rule 56.1(g) to be consistent with the Ninth Circuit's directive that verified filings are to be considered evidence in opposition to summary judgment. *See Jones*, 393 F.3d at 923; *Keenan*, 83 F.3d at 1090 n.1.

### B.     Undisputed Facts Supporting Summary Judgment

Trisler makes three arguments in support of summary judgment. First, he argues that the undisputed facts show that Clark cannot prove the existence of an oral contract establishing an "interest" term of "two weeks for life" usage of Trisler's North Shore Properties. ECF No. 88 at 13–15. Second, Trisler argues that the undisputed facts indicate that Hawaiʻi's statute of frauds would make the alleged contract unenforceable, if it existed.[4] *Id.* at 16–17. Finally, and relatedly, Trisler contends that the undisputed facts show that the partial performance exception cannot cure the statute of frauds problem here. *Id.* at 17–20; *see also Perreira v. Perreira,* 50 Haw. 641, 642, 447 P.2d 667, 668 (1968) (partial performance exception to the statute of frauds). Clark filed a rambling Response opposing summary judgment, but as noted, he filed no concise statement of facts that disputes Trisler's telling of the underlying events here. *See generally* ECF No. 92.

As an initial matter, Clark identifies "[d]iversity of citizenship" as the basis for federal jurisdiction over his contract claims. ECF No. 44 at 5. Clark does not

---

[4] The Hawaiʻi statute of frauds requires certain contracts to be in writing to be legally enforceable. *McIntosh v. Murphy*, 52 Haw. 29, 32, 469 P.2d 177, 179 (1970); *Pedrina v. Chun*, 906 F. Supp. 1377, 1418 (D. Haw. 1995), *aff'd,* 97 F.3d 1296 (9th Cir. 1996) (explaining that the statute of frauds means that "[i]n Hawaii, a [contract concerning an interest in] real property which extends beyond one year must be (1) in writing and (2) signed by the party to be charged.") (citing Haw. Rev. Stat. § 656–1; *Yee Hop v. Young Sak Cho,* 25 Haw. Terr. 494, 499 (1920)).

specify where the alleged "verbal contract" was entered into, but he does specify that the alleged contract was to be performed in Hawaiʻi. *See id.* at 7. The Court thus applies Hawaiʻi law to Clark's claims and to Defendant's statute of frauds defense. *See Hawaii Stevedores, Inc. v. Island Cement, LLC*, 2009 WL 3681875, at *4 (D. Haw. Nov. 3, 2009) (applying Hawaiʻi law to "a contract entered in Hawaii, to be performed in Hawaii and breached in Hawaii").

The parties agree that in 1995 Clark loaned Trisler $13,000 to purchase Sunset Beach House and that Trisler repaid Clark that principal, but their agreement ends there. ECF Nos. 44 at 7; 87 at 2. According to the admitted facts, Trisler did not actually purchase the Sunset Beach House until 2007, and he repaid Clark's money. ECF No. 87 ¶¶ 26. Trisler never entered into any agreement with Clark on the terms Clark alleges because he never purchased the home, *id.*, and instead he allowed Clark periodically to stay in the North Shore Properties over the next two decades as a favor. *Id.* ¶ 12.

In short, there are no admitted facts to support the existence of an oral contract beginning in 1995, or at any time thereafter. Because there was no contract, there can be no claim for breach of contract nor for anticipatory repudiation of contract. *Pedrina*, 906 F. Supp. at 1418 (granting summary judgment because "Plaintiffs have failed to present clear and convincing evidence of the existence and terms of the alleged oral contract.") (citing *Boteilho v.*

11

*Boteilho,* 58 Haw. 40, 42, 564 P.2d 144 (1977) (party seeking to establish an oral contract must prove its existence and its terms by clear and convincing evidence)); *see also Kersh v. Manulife Fin. Corp.*, 792 F. Supp. 2d 1111, 1117–18 (D. Haw. 2011) ("Where the doctrine of anticipatory repudiation applies, the injured party has the option to sue either when the anticipatory repudiation occurs or at the later time for performance *under the contract*." (internal quotation marks and citation omitted) (emphasis added)).

Trisler is also correct that, even if an oral contract existed, the alleged contract (1) concerns real property (Sunset Beach House or the North Shore Properties generally); (2) involves Clark's interest in the property ("two weeks for life" vacation usage); and (3) cannot be performed within one year (terms for life). Thus, the contract would be unenforceable as within the statute of frauds. *See, e.g.*, *Pedrina*, 906 F. Supp. at 1418 ("In Hawaii, a [contract concerning an interest in] real property which extends beyond one year must be (1) in writing and (2) signed by the party to be charged.") (citing Haw. Rev. Stat. § 656–1; *Yee Hop,* 25 Haw. Terr. at 499). And since the accepted facts are that Trisler allowed Clark to occasionally use his properties out of friendship, ECF No. 87 ¶ 12, and that no oral contract on the terms Clark alleges ever existed, *id.* ¶ 14, the Court cannot infer that Clark's use of the properties constitutes partial performance of an alleged contract to remove it from the statute of frauds. *Pedrina*, 906 F. Supp. at 1418

("However, an oral contract with respect to an interest in land may become enforceable, in spite of the statute of frauds, where there has been part performance.") (citing *Perreira,* 50 Haw. at 642, 447 P.2d at 668).

In short, Clark cannot defeat a motion for summary judgment in the absence of any significant probative evidence tending to support his legal theories. *See Intel Corp.*, 952 F.2d at 1558. Because Clark failed to comply with the rules governing summary judgment, Trisler's version of the facts controls. And unsurprisingly, those facts support summary judgment in Trisler's favor.

## C. Clark's Response

Most of Clark's Response concerns immaterial matters. *See generally* ECF No. 92; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (defining material facts as those that "might affect the outcome of the suit under the governing law."). The Response begins by attacking Trisler's counsel for failing to confer with him prior to filing the instant Motion—despite local rules that excuse counsel from meet-and-confer requirements in "matters in which at least one party is pro se," *see* LR7.8—and for filing allegedly "vexatious" and insulting motions.[5] ECF No. 92 ¶¶ 2, 3, 18, 23. It then largely focuses on Trisler's counterclaims against Clark for defamation and false light or invasion of privacy,

---

[5] For the record, the Court rejects Clark's characterizations of defense counsel's actions in this case.

which are not subjects of the instant Motion. *Id.* ¶¶ 5–8, 10–12, 14, 16, 18, 20, 21; *see also* ECF No. 54-1 ¶¶ 19–25 (counterclaims). It also spills considerable ink on irrelevant discussion and ad hominem attacks against Trisler that do nothing to dispute the facts or arguments presented by the Motion. ECF No. 92 ¶¶ 5, 6, 9, 11, 12, 15, 17.

Thus, even if the Court were to piece together Clark's version of the facts from his Response and the attached exhibits,[6] it would identify only a few statements that seem to dispute *material* facts, *id.* ¶¶ 1, 4, 5, 13, 19, 22, only three of which are supported by reference to any supporting documentation, *id.* ¶ 5, 13, 19, and none of which would be enough to create a *genuine* dispute to overcome Trisler's entitlement to summary judgment, *see Soremekun* 509 F.3d at 984 ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.").

---

[6] Local Rule 56.1(h) allows "[a]ffidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, [] only [to] be attached to the concise statement." LR56.1(f). Clark's exhibits are attached to the filing he titled a "RESPONSE," but those exhibits do not transform the filing into a concise statement of facts. Moreover, Local Rule 56.1(f) provides that (1) "the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties;" and (2) "the court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements." LR56.1(f).

For example, Clark states, "[f]or the record and as a matter of accuracy. [sic] Michael Ray Trisler purchased the Sunset House at 59-066 Huelo Street, Halewia [sic], HI 96712 on or about 9/29/1995 not on or about October 24, 2007." ECF No. 92 ¶ 4. But he offers nothing to counter the two deeds and declarations that Trisler puts forth, *see* ECF No. 87 ¶ 3–6, despite Clark calling Trisler's recitation "[y]et another well documented lie," ECF No. 92 ¶ 4.

And Clark repeatedly reiterates his belief in the existence of an oral agreement establishing the "two weeks for life interest," *see id.* ¶ 1, 5, 19, 22, but points the Court only to (1) a text message from Trisler that says, "You got your money back on sunset and then some," *see id.* ¶ 13 (citing ECF No. 92-2 at 32); and (2) a list of more than 30 "eyewitnesses [who] will testify to this court that Mike Trisler is lying (again) about [Clark] being allowed to use the [North Shore Properties] as 'friends[,]'" *see id.* ¶ 5 (citing ECF No. 92-2 at 38–48). He cites that same text message as evidence that Trisler was not letting him stay in the North Shore Properties as a favor. *Id.* ¶ 13.

The most the Court can infer from the text message is the *agreed upon* fact that Trisler repaid Clark the $13,000 that Clark lent him, and that Clark was permitted to stay in the North Shore Properties periodically. *See* ECF Nos. 44 at 7; ECF No. 87-1 ¶ 4. The reference in the text message to "and then some" could as easily refer to gratuitous use of the properties as to any loan agreement term—it is

15

not reasonable to infer the existence of an entire contract from that one statement. As for the spreadsheet of alleged eyewitnesses, the Court can't infer anything from a list of names and contact information with no declarations, letters, or other substantive evidence. *See* ECF No. 92-2 at 38–48. No other correspondence, text messages, or other corroborating evidence from third parties with personal knowledge or Clark himself supports Clark's claims.[7]

Thus, even if the Court were to construe Clark's Response as a quasi-concise statement of facts in opposition to the Motion—which it does not—it still would not conclude that a genuine issue of material fact exists to overcome summary judgment. *Anderson*, 477 U.S. at 248 (holding "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Trisler's Motion for Summary Judgment, ECF No. 88, and dismisses all of Clark's claims. The only remaining claims in this case are Trisler's counterclaims against Clark.

---

[7] Indeed, when requested to provide in discovery all facts to support his claim that the parties entered into an oral contract, Clark's only response was, "Read complaint." ECF No. 87-11 at 3 (Clark's responses to Trisler's interrogatories). That is insufficient. *See, e.g., Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (cannot defeat summary judgment with allegations in the complaint).

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, June 14, 2024.



Jill A. Otake
United States District Judge

---

CV 22-00559 JAO-KJM, *Jason Ray Clark v. Michael Ray Trisler*; ORDER GRANTING DEFENDANT/COUNTERCLAIMANT MICHAEL RAY TRISLER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 88)