IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CIVIL NO. 1:22-cv-00559-JAO-KJM

JASON RAY CLARK,

    Plaintiff/Counterclaim Defendant,

vs.

MICHAEL RAY TRISLER,

    Defendant/Counterclaimant.

**Supplemental Memorandum explaining whether the Second Motion to Compel was substantially justified or other circumstances make an award of expenses unjust.**

**1,** FRCP Rule 37(a)5(B): Failure to Make Disclosures or to Cooperate in Discovery; Sanctions. (B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. **But the court must not order this payment if the motion was <u>substantially justified</u> or other circumstances make an award of expenses <u>unjust</u>.**

**2,** Plaintiff Jason Ray Clark is Pro Se, and has never filed a lawsuit or been involved in a lawsuit in his Life. This process has informed Mr. Clark about the "Rules". It was never the intent of Mr. Clark to disobey any rules. Now that the Honorable Judges presiding have brought FRCP Rule 37(a)5(B) and all other FRCP Rules to the attention of Mr. Clark, Mr. Clark ensures the court and MJ Mansfield and Judge Otake that Mr. Clark will make any and all efforts to abide by all FRCP in the future.

**3,** Jason Ray Clark has given ALL the requested discovery to opposing counsel, Laura P. Moritz/Defendant Michael Ray Trisler, and Ms. Moritz and/or Mr. Trisler have given me NO requested discovery. FRCP Rule 37(a)5(B) states litigants must be "cooperative in the discovery process", and Mr. Clark has been, and will continue to do so. Though the second motion to compel discovery was denied, Plaintiff Jason Ray Clark at the time of filing the second motion believed that the

motion was substantially justified, because Plaintiff Jason Ray Clark had yet to receive any requested discovery from Defendant Michael Ray Trisler or his counsel Laura P. Moritz. Mr. Clark's intent when filing the second motion to compel discovery was simply to get "some" discovery to prove his case and innocence in regard to the Counterclaim where he remains a Pro Se DEFENDANT.

**4,** Plaintiff/Counterclaim Defendant Jason Ray Clark is the one obeying the rules. Opposing council, Laura Moritz, A Partner at the LARGEST Law Firm in the World, DENTONS, is the one wielding her power and deceitful lawyering tactics to obtain a fraudulent victory in this case. For example, Plaintiff/Counterclaim Defendant Jason Ray Clark has given opposing council ALL requested discovery and answered ALL her questions. Ms. Moritz and Mr. Trisler have given me NO DISCOVERY AT ALL. Certainly, some discovery is needed by litigants, or all of the rules, procedures, and Laws would not exist surrounding discovery. This includes The United States Constitution, specifically the 5th and 14th Amendments. This also pertains to FRCP Rule 37(a)5(B), and supports that I/Jason Clark am the one obeying the Rules, and it is Ms. Moritz and Mr. Trisler who are NOT.

**5,** The 'American System of Justice' assures movants are NOT punished for seeking truth and justice. This court is doing the opposite against a pro se litigant (and VICTIM) v. the largest Law firm in the World, Dentons represented by A "Partner" at that Firm, Laura P. Moritz. Court, Judges, and the entire judicial system is based on protecting and ensuring the rights and legal access to the courts, truth, and justice to ALL - the poor, the broke, the less educated, and especially Pro Se litigants who have been wronged and cannot afford an Attorney.

**6,** The "feelings" I/Jason Clark had when I/Jason Clark received this court order I/Jason Clark felt threatened, intimidated, scared, and rattled with fear and anxiety. Certainly, this **CAN NOT** be the rightful **intent** of such actions by the court, and/or FRCP Rule 37(a)5(B).

**7,** In the universally accepted court filing system, PACER, first, second, and successive motions are allowed. If "Second Motions" are to be punishable by heavy fines levied by the courts and/or Judges, then PACER should NOT permit successive motions to be filed.

**8,** Discovery, Due Process, Evidence are allowed to be gathered by all parties, including those who are Pro Se. This Court and the Judges presiding are BLOCKING Pro Se Plaintiff Jason Ray Clark from obtaining any discovery which

not only violates due process, but makes it certain that no evidence can be gathered to prove this case in court/trial, thus affirming a fraudulent victory for Mr. Trisler and his attorney, Ms. Laura Moritz, who again is a Partner at the Largest and most powerful Law Firm in the World, DENTONS.

**9,** The requested discovery proves Plaintiff Jason Ray Clark's DEFENSE in the Counterclaim case that Mr. Trisler is a liar, con man, grifter, swindler, deadbeat, and untrustworthy individual. That is why Plaintiff Jason Ray Clark is asking for this discovery and for no other reason. The court and the Judge denying it for a second time (SEE second motion to compel discovery) is very odd to even a Pro se litigant. And then, to punish and fine this litigant for doing so adds to the oddity. That said, Plaintiff Jason Ray Clark understands this aspect of the legal system, but vehemently disagrees with the court levying heavy one-sided unjust fines per FRCP Rule 37(a)5(B).

**10,** FRCP Rule 37(a)5(B) states: substantially justified **OR circumstances make an award of expenses <u>unjust</u>.** One, Plaintiff Jason R. Clark is Pro Se, as previously stated. Two, this action is the first and only lawsuit for the Plaintiff Jason Ray Clark, also previously noted. Three, Plaintiff Jason R. Clark is **<u>BROKE.</u>** Issuing a punitive expense of any kind for thousands of dollars would be an unjust, unnecessary, and overly burdensome financial punishment for Mr. Clark.

## **CONCLUSION:**

The Second Motion to Compel discovery filed by Pro Se Plaintiff and VICTIM in this case was **substantially justified** <u>AND</u> other circumstances outlined above make an award of expenses **unjust** under FRCP Rule 37(a)5(B). Plaintiff Jason Ray Clark has from the beginning to the best of his ability obeyed ALL rules, guidelines, and protocols of this court and the orders of the Honorable Judges presiding, Judge Jill A. Otake and MJ Kenneth J. Mansfield. Thus, Jason Ray Clark has also meant the intent of Rule 37. Punishing pro se litigants under FRCP Rule 37(a)5(B) for filing motions, whether denied or granted, only serves to further intimidate and discourage Pro Se Plaintiff's like Jason Ray Clark from participating in the very complex world of the US Judicial System. Certainly, this cannot be the **"intent"** of enforcing such rules as FRCP Rule 37(a)5(B). This in no way serves truth and justice, fairness and equality, and is unjust as any reasonable person would conclude. Mr. Clark's actions in regard to filing the Second Motion to Compel Discovery was **substantially justified** <u>AND</u> fining Mr. Clark would be unfair and **unjust** under FRCP Rule 37(a)5(B).

<u>s/Jason Ray Clark/Plaintiff/Counterclaim Defendant</u>

Jason R. Clark

9419 Twenty Mile Road #112

Parker, CO 80134

Telephone: (720) 255.5711

Email: <u>jason@clarkbrothersinvestments.com</u>

Date of Signing: July 5, 2024

Signature of Plaintiff: *Jason R. Clark*

Pro Se Plaintiff/Counterclaim Defendant Jason Ray Clark